ABRAMS FENSTERMAN, LLP
Zachary D. Kuperman, Esq. (ID # 013222012)
1 MetroTech Center, Suite 1701
Brooklyn, New York 11201
(718) 238-5300
zkuperman@abramslaw.com

*Attorneys for Defendant*
*HH 88 CENTENNIAL LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PISCATAWAY CENTENNIAL DEVELOPER LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HH 88 CENTENNIAL LLC,<br><br>　　　　Defendant. | Case No.: 3:22-cv-5253<br><br>**VERIFIED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

Defendant, HH 88 Centennial LLC ("Defendant" or "Purchaser"), by and through its attorneys, Abrams Fensterman, LLP, as and for its answer to the complaint dated August 16, 2022 ("Complaint") of plaintiff, Piscataway Centennial Developer LLC ("Plaintiff" or "Seller"), states as follows:

　　1.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

　　2.　　Admitted.

　　3.　　Defendant admits that Plaintiff and Defendant entered into a certain Purchase and Sale Agreement dated on or about May, 2022 ("PSA") and which agreement concerns, among other things, the purchase and sale of the real property known as and located at 88 Centennial

Avenue, Piscataway, New Jersey ("Property") pursuant to certain terms; Defendant denies Plaintiff's characterization of Defendant's obligations under the PSA; Defendant states that the PSA is a document which speaks for itself; Defendant denies that the document attached at Exhibit A to the Complaint is a true, correct, and complete copy of the memorialization of the parties' agreements.

4. The PSA is a document which speaks for itself; the allegations of this paragraph contain or consist of legal conclusions to which no response is required.

5. The PSA is a document which speaks for itself; the allegations of this paragraph contain or consist of legal conclusions to which no response is required.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph; Defendant denies that Plaintiff was ever ready, willing, and able to convey title to the Property as required.

7. Defendant admits that no closing under the PSA has taken place and otherwise denies the allegations of this paragraph.

8. The PSA is a document which speaks for itself; the allegations of this paragraph contain or consist of legal conclusions to which no response is required.

9. The letter dated August 3, 2022, is a document which speaks for itself; Defendant denies Plaintiff's characterization of this document.

10. The first letter dated August 5, 2022, is a document which speaks for itself; Defendant denies Plaintiff's characterization of this document.

11. The second letter dated August 5, 2022, is a document which speaks for itself; Defendant denies Plaintiff's characterization of this document.

12. The letter dated August 9, 2022, is a document which speaks for itself; Defendant

denies Plaintiff's characterization of this document.

13. The letter dated August 9, 2022, is a document which speaks for itself; Defendant denies Plaintiff's characterization of this document.

14. Defendant admits that Defendant sent a letter dated August 12, 2022, to Plaintiff; this document speaks for itself; Defendant denies Plaintiff's characterization of this document.

## ANSWER TO COUNT ONE
(Breach of Contract)

15. Defendant repeats and reiterates its respective responses to the allegations in the previous paragraphs as if set forth herein.

16. Defendant admits that it entered into the PSA and otherwise denies the allegations of this paragraph.

17. Denied.

18. Denied.

19. Denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief sought and Defendant demands judgment against Plaintiff (i) dismissing the Complaint, (ii) awarding to Defendant attorney's fees and costs, and (ii) granting to Defendant all such other and further relief as this Court deems just and proper.

## ANSWER TO COUNT TWO
(Breach of Covenant of Good Faith and Fair Dealing)

20. Defendant repeats and reiterates its respective responses to the allegations in the previous paragraphs as if set forth herein.

21. The PSA is a document which speaks for itself; the allegations of this paragraph contain or consist of legal conclusions to which no response is required.

22. Denied.

23. Denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief sought and Defendant demands judgment against Plaintiff (i) dismissing the Complaint, (ii) awarding to Defendant attorney's fees and costs, and (ii) granting to Defendant all such other and further relief as this Court deems just and proper.

### ANSWER TO COUNT THREE
(Declaratory Relief pursuant to N.J.S.A 2A:16-51, *et seq.*)

24. The Complaint does not contain any paragraphs numbered 24 through 51.

52. Defendant repeats and reiterates its respective responses to the allegations in the previous paragraphs as if set forth herein.

53. Defendant admits the existence of a controversy and otherwise denies the allegations of this paragraph.

54. Defendant admits that it has requested a return of the Deposit, as that term is defined in the PSA, and has asserted that Plaintiff has breached the PSA, and otherwise denies the allegations of this paragraph.

55. The allegations of this paragraph contain or consist of legal conclusions to which no response is required.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

57. The allegations of this paragraph contain or consist of legal conclusions to which no response is required.

58. Defendant admits the existence of a dispute and otherwise denies the allegations of this paragraph.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief sought and Defendant demands judgment against Plaintiff (i) dismissing the Complaint, (ii) awarding to Defendant attorney's fees and costs, and (ii) granting to Defendant all such other and further relief as this Court deems just and proper.

### **AFFIRMATIVE AND SEPARATE DEFENSES**

FIRST AFFIRMATIVE DEFENSE
(Fraud)

1. Plaintiff's claims are barred in whole or in part, and the PSA is void and unenforceable, by reason of fraud, fraudulent misrepresentation, fraudulent concealment, and/or fraudulent inducement committed by Plaintiff and against Defendant in and with respect to the PSA, as discussed herein.

2. In and with respect to the PSA, Plaintiff fraudulently misrepresented, fraudulently concealed, and fraudulently failed to disclose material facts concerning the Property (including facts regarding redevelopment, use, and restrictions of and concerning the Property) and upon which misrepresentation, concealment, and nondisclosure Defendant justifiably relied to its detriment and injury.

3. By reason thereof, Plaintiff's claims are barred in whole or in part.

SECOND AFFIRMATIVE DEFENSE
(Mutual Mistake)

4. Plaintiff's claims are barred in whole or in part, and the PSA is void and unenforceable, by reason of mutual mistake.

5. In and upon entering into the PSA, Plaintiff and Defendant were both acting under a mutual mistake of material fact and/or law, including facts and/or laws regarding redevelopment, use, and restrictions of and concerning the Property.

6. Before, during, and after execution of the PSA, Defendant repeatedly expressed to Plaintiff, and Plaintiff repeatedly acknowledged to Defendant, that the parties intended, understood, and contemplated that the central if not the entire purpose of the transaction at issue is and has been for Defendant to construct a warehouse on the Property and that Defendant would be permitted to do so after closing. However, these understandings and contemplations were mistaken.

### THIRD AFFIRMATIVE DEFENSE
(Unilateral Mistake)

7. Plaintiff's claims are barred in whole or in part, and the PSA is void and unenforceable, by reason of unilateral mistake.

8. In and upon entering into the PSA, Defendant was acting under a mistake of material fact or law, including facts and/or laws regarding redevelopment, use, and restrictions of and concerning the Property.

9. Among other things, before, during, and after execution of the PSA, Defendant intended, understood, and contemplated that Defendant, after closing, will construct a warehouse on the Property and that Defendant would be permitted to do so. However, these understandings and contemplations were mistaken.

10. Plaintiff knew or had reason to know of this mistake, Plaintiff's wrongful act or omission caused this mistake, Plaintiff inequitably and knowingly took advantage of this mistake, and enforcement of the PSA under these circumstances would be inequitable or unconscionable.

### FOURTH AFFIRMATIVE DEFENSE
(Illegality)

11. Plaintiff's claims are barred in whole or in part, and the PSA is void and unenforceable, by reason of illegality.

12. The intent of the parties under the PSA, and/or a subject matter, consideration, performance and/or term of the PSA, is illegal or contrary to public policy. Performance or consideration required under the PSA was or later became illegal, legally impracticable, or contrary to public policy.

13. Among other things, upon information and belief, redevelopment of the Property by construction of a warehouse thereon is illegal or contrary to public policy. Among other things, upon information and belief, the conspiracy among and between Plaintiff and Defendant to redevelop the Property by construction of a warehouse thereon is illegal or contrary to public policy.

FIFTH AFFIRMATIVE DEFENSE
(Frustration of Purpose)

14. Plaintiff's claims are barred in whole or in part, and the PSA is void and unenforceable, by reason of the doctrine of frustration of purpose.

15. The redevelopment and use of the Property is and was a critical and vital condition constituting a foundation and an essential basis on and for which the Plaintiff and Defendant entered into the PSA. Before, during, and after execution of the PSA, Defendant repeatedly expressed to Plaintiff, and Plaintiff repeatedly acknowledged to Defendant, that the parties intended, understood, and contemplated that the central if not the entire purpose of the transaction at issue is and has been for Defendant to construct a warehouse on the Property.

16. However, this purpose has been wholly frustrated because of redevelopment and use restriction placed on or with respect to the Property. These restrictions fundamentally alter the parties' bargain and renders a performance and/or consideration under the PSA materially frustrated or substantially valueless to Defendant.

## SIXTH AFFIRMATIVE DEFENSE
(Impossibility)

17. Plaintiff's claims are barred in whole or in part, and the PSA is void and unenforceable, by reason of the doctrine of impossibility.

18. Defendant did not breach the PSA because performance or consideration required under the PSA was or became legally impossible or impracticable.

19. The redevelopment and use of the Property is and was a critical and vital condition constituting a foundation and an essential basis on and for which the Plaintiff and Defendant entered into the PSA. Before, during, and after execution of the PSA, Defendant repeatedly expressed to Plaintiff, and Plaintiff repeatedly acknowledged to Defendant, that the parties intended, understood, and contemplated that the central if not the entire purpose of the transaction at issue is and has been for Defendant to construct a warehouse on the Property.

20. However, performance has been rendered legally impossible or impracticable because of redevelopment and use restriction placed on or with respect to the Property. These restrictions fundamentally alter the parties' bargain and renders a performance and/or consideration under the PSA legally impossible or impracticable.

## SEVENTH AFFIRMATIVE DEFENSE
(Lack of Title)

21. Defendant is not the owner of the Property in fee simple absolute and without encumbrances or defects of title. The Complaint does not plead Plaintiff's ownership of the Property in fee simple absolute without encumbrances or defects of title.

22. The Property is encumbered by, among other things, development and use restrictions which limit or curtail Defendant's ability to redevelop the Property by construction of a warehouse thereon.

## EIGHTH AFFIRMATIVE DEFENSE
(Failure of Counterperformance; Material Breach)

23. Plaintiff has materially breached or anticipatorily breached the PSA.

24. Plaintiff is not and has not been ready, willing, and able to convey the Property to Defendant as required by the PSA because of the existence of a lien, encumbrance, or title defect inasmuch as the Property is encumbered by, among other things, development and use restrictions which limit or curtail Defendant's ability to redevelop the Property by construction of a warehouse thereon.

25. Plaintiff has violated its warranties under PSA § 9 as the aforementioned restrictions are an "existing agreement by and between Seller and a third party" which limits Seller's full ability to perform Seller's obligation to deliver unencumbered fee simple title to the Property.

26. Plaintiff has violated the PSA because pursuant to PSA § 5 and 9(b), Seller must cure, discharge, or terminate a title defect such as the aforementioned restrictions, or agree in writing to cure, discharge, or terminate this defect, which Plaintiff has failed to do.

27. Plaintiff has violated the PSA by failing to disclose the aforementioned restrictions inasmuch as under PSA § 4(e) among other things, requires Seller to have furnished to Purchaser all "agreements contracts, warranties and commitments affecting the Property, its ownership, management or operations" and Plaintiff failed to do so.

28. Plaintiff is not and has not been ready, willing, and able to convey the Property to Defendant as required by the PSA because Plaintiff has failed to terminate the Wawa Lease.

## NINTH AFFIRMATIVE DEFENSE
(Failure of a Condition Precedent)

29. Plaintiff's claims are barred in whole or in part by nonoccurrence of a contractual

condition precedent. The PSA asserts conditions precedent which must occur before performance becomes due. Such conditions precedent, including, among other things, Plaintiff's readiness, willingness, and ability to deliver title to the Property as required by the PSA, cancellation of the Wawa Lease, the scheduling of a mutually-agreeable closing date, failed to occur.

### TENTH AFFIRMATIVE DEFENSE
(Novation)

30. The PSA, as originally entered into, is unenforceable and void by reason of novation. After entering into the PSA, Plaintiff and Defendant entered into a separate and new agreement with respect to the subject matter of the PSA, which new agreement modifies, amends, supersedes, supplants, and/or discharges the parties' preexisting obligations under the PSA.

### ELEVENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

31. Plaintiff's claims are barred in whole or in part under the doctrine of unclean hands. Plaintiff is barred from relief, in whole or in part, due to Plaintiff's own wrongful and inequitable conduct.

### TWELFTH AFFIRMATIVE DEFENSE
(Setoff)

32. Plaintiffs' claims should be denied in whole or in part by reason of offset or set off. The amounts which Plaintiff owe to Defendant should reduce or eliminate Defendant's liability to Plaintiff, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Waiver and Estoppel)

33. Plaintiff's claims are barred in whole or in part by reason of waiver or estoppel.

34. Plaintiff's own conduct or inaction estops Plaintiff from claiming or obtaining relief, and Plaintiff's have waived any claim or right to relief by reason of their own conduct or

inaction.

**FOURTEENTH AFFIRMATIVE DEFENSE**
(Good Faith)

35. Defendant at all times acted in good faith, and Defendant's conduct was at all times reasonable, proper, and justified.

**FIFTEENTH AFFIRMATIVE DEFENSE**
(Punitive Damages Unavailable)

36. Plaintiff is barred from seeking or obtaining punitive damages as Defendant did not act with evil motive or intent, or reckless or callous indifference to Plaintiff's rights.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief sought and Defendant demands judgment against Plaintiff (i) dismissing the Complaint, (ii) awarding to Defendant attorney's fees and costs, and (ii) granting to Defendant all such other and further relief as this Court deems just and proper.

**COUNTERCLAIMS**

Defendant, HH 88 Centennial LLC ("Defendant" or "Purchaser"), by and through its attorneys, Abrams Fensterman, LLP, as and for its counterclaims against plaintiff, Piscataway Centennial Developer LLC ("Plaintiff" or "Seller"), states as follows:

a. Parties

1. Upon information and belief, Plaintiff is a New Jersey limited liability company having a principal place of business in the State of New Jersey.

2. Defendant is a New Jersey limited liability company having a principal place of business in the State of New Jersey.

b. The Property

3. Upon information and belief, Plaintiff is and has been the owner of certain real

property known as and located at 88 Centennial Avenue, Piscataway, New Jersey ("Property").

4. The Property is situated in the Township of Piscataway ("Township"), in Middlesex County, in the State of New Jersey.

5. Upon information and belief, the Property is, and at all relevant times has been, subject to an extant lease between Plaintiff as landlord and Wawa, Inc. as tenant ("Wawa Lease").

c. The Purchase and Sale Agreement

6. Plaintiff as seller and Defendant as purchaser entered into a certain Purchase and Sale Agreement dated on or about May, 2022 ("PSA"), and which agreement concerns, among other things, the purchase and sale of the Property pursuant to certain terms.

7. The PSA, among other things, contemplated sale of the Property by Plaintiff to Defendant and purchase of the Property by Defendant from Plaintiff, pursuant to certain terms.

8. Pursuant to and upon entering into the PSA, Defendant paid a deposit in the amount of $500,000 ("Deposit") into escrow, which Deposit is currently held by Riverside Abstract as escrow agent.

d. The Parties' Contractual Intent

9. Before, during, and after execution of the PSA, Defendant repeatedly expressed to Plaintiff, and Plaintiff understood and repeatedly acknowledged to Defendant, that Defendant contemplated, desired, and intended to redevelop the Property.

10. Before, during, and after execution of the PSA, Defendant repeatedly expressed to Plaintiff, and Plaintiff understood and repeatedly acknowledged to Defendant, that the Wawa Lease would need to be terminated so that Defendant could redevelop the Property.

11. Before, during, and after execution of the PSA, Defendant repeatedly expressed to Plaintiff, and Plaintiff understood and repeatedly acknowledged to Defendant, that Defendant

contemplated, desired, and intended to have a warehouse constructed on the Property.

12. Before, during, and after execution of the PSA, Defendant repeatedly expressed to Plaintiff, and Plaintiff understood and repeatedly acknowledged to Defendant, that Defendant's central intent and purpose in entering into the transaction and acquiring the Property was to have a warehouse constructed thereon.

13. Before, during, and after execution of the PSA, Plaintiff repeatedly expressed to Defendant that Plaintiff acknowledged and understood that Defendant wanted to redevelop the Property and that Defendant's central intent and purpose in entering into the transaction and acquiring the Property was to have a warehouse constructed thereon.

14. The intent of the Plaintiff and Defendant in entering into the transaction at issue was for Plaintiff to sell the Property to Defendant, and for Defendant to purchase the Property from Plaintiff, so that Defendant could then redevelop the Property by constructing a warehouse thereon.

## COUNTERCLAIM COUNT ONE
(Fraud)

15. Defendant repeats and re-alleges all of the foregoing allegations as if set forth at length herein.

16. Upon information and belief, at some time before May 1, 2022, the Township had imposed or enacted a plan, resolution, ordinance, regulation, or restriction; or had entered into an agreement or covenant with Plaintiff; or had engaged in an arrangement or transaction with Plaintiff's assent or approval, which had the effect of restricting the permissible use of this specific Property (and only this Property).

17. Upon information and belief, said restrictions restrict the permissible use and development of this Property, and only this Property, such that construction of a warehouse on the Property and use of the Property for operation of a warehouse are interdicted ("Restrictions").

18.    Upon information and belief, the said Restrictions on the use and development of the Property are specific to the Property at issue and apply only to this specific Property.

19.    Upon information and belief, the Restrictions are not, and at all times since May 1, 2022, have not been, filed with the County Clerk of Middlesex County, are not discernable from a search of the land records of the County Clerk of Middlesex County with respect to the Property, and are not reflected on the official zoning map maintained by Middlesex County.

20.    Upon information and belief, Plaintiff proposed, requested, agreed to, bargained for, assented to, and/or petitioned the Town for these Restrictions.

21.    Upon information and belief, at all times from on and about May 1, 2022, through the present, Plaintiff knew or should have known of the Restrictions.

22.    In entering into the PSA, Plaintiff knew that Defendant intended and desired to develop a warehouse on the Property.

23.    In entering into the PSA, Plaintiff knew that Defendant would not enter into the PSA if Defendant knew about the Restrictions.

24.    Before, during, and after execution of the PSA, Plaintiff fraudulently misrepresented to Defendant that Defendant, after acquiring the Property, would be able to construct a warehouse thereon.

25.    Before, during, and after execution of the PSA, Plaintiff fraudulently omitted and concealed from Defendant that Defendant, after acquiring the Property, would not be able to construct a warehouse thereon.

26.    Before, during, and after execution of the PSA, Plaintiff fraudulently omitted and concealed from Defendant that Plaintiff had requested, assented to, or petitioned the Township, or had entered into an agreement or covenant with the Township, or had engaged in an arrangement

or transaction with the Township, which gave rise to the Restrictions.

27. Plaintiff knowingly and intentionally misrepresented and concealed from Defendant facts concerning the Restrictions with the purpose of causing Defendant to enter into the PSA and causing Defendant to not promptly ascertain the existence of the Restrictions.

28. In entering into the PSA, Defendant understood and believed that, after acquiring the Property, Defendant would be able to construct a warehouse thereon.

29. In entering into the PSA, Defendant understood and believed that Plaintiff had not furtively engaged with the Township of Piscataway regarding use restrictions with respect to the Property.

30. Plaintiff's fraudulent misrepresentations and omissions lulled Defendant and caused Defendant to not learn about the Restrictions sooner.

31. Defendant justifiably relied on Plaintiff's misrepresentations and omissions by entering into the PSA, paying the Deposit, and by neglecting to promptly ascertain the existence of the Restrictions.

32. Defendant relied on Plaintiff's fraudulent misrepresentations, omissions, and concealment to its detriment, and was injured thereby.

WHEREFORE, Defendant requests judgment against Plaintiff (i) awarding to Defendant an amount to be determined at trial, (ii) issuing a decree for rescission of the PSA, (iii) granting to Defendant its attorney's fees and costs, and (iv) granting to Defendant all such other and further relief as this Court deems just and proper.

COUNTERCLAIM COUNT TWO
(Breach of Contract, PSA § 4)

33. Defendant repeats and re-alleges all of the foregoing allegations as if set forth at length herein.

34. PSA § 4(e), among other things, requires Seller to disclose to Purchaser all "agreements, contracts, warranties and commitments affecting the Property, its ownership, management or operations…."

35. The Restrictions constitute an agreement, contract, warranty, and/or commitment affecting the Property, its ownership and/or operations.

36. Plaintiff failed to furnish or disclose the Restrictions to Defendant.

37. By failing to furnish or disclose the Restrictions to Defendant, Plaintiff breached the PSA.

38. Defendant has fully performed or tendered performance under the PSA.

39. Plaintiff's breach of the PSA, as explained herein, injured Defendant.

WHEREFORE, Defendant requests judgment against Plaintiff (i) awarding to Defendant an amount to be determined at trial, (ii) granting to Defendant attorney's fees and costs, (iii) granting to Defendant all such other and further relief as this Court deems just and proper.

COUNTERCLAIM COUNT THREE
(Breach of Contract, PSA §§ 4, 5 and 9)

40. Defendant repeats and re-alleges all of the foregoing allegations as if set forth at length herein.

41. The PSA § 5(a) states that "Fee simple title to the Property shall be conveyed at the Closing free and clear of all liens, encumbrances and easements affecting title except for the Permitted Encumbrances…"

42. Under PSA § 2, the term "Permitted Encumbrances" is defined as meaning "free from encumbrances." PSA § 2 lists certain title exceptions which are allowed, but which are not part of the definition of "Permitted Encumbrances."

43. The Restrictions constitute a title defect under PSA § 5(a).

44. The Restrictions are not a Permitted Encumbrance under PSA § 2.

45. Under PSA § 9 as the Restrictions are an "existing agreement by and between Seller and a third party" which limits Seller's full ability to perform Seller's obligation to deliver unencumbered fee simple title to the Property.

46. Pursuant to PSA §§ 4(e), 5, and 9, Seller must cure, discharge, or terminate such Restrictions or agree in writing to cure, discharge, or terminate the Restrictions.

47. Under the PSA, if Seller is unable or unwilling to cure, discharge, or terminate the Restrictions, then Purchaser is entitled to a return of the Deposit under § 5(d)(ii) and all such other remedies to which Purchaser may be entitled.

48. Plaintiff is unwilling and unable to cure, discharge, or terminate the Restrictions.

49. Plaintiff is unwilling and unable to deliver title to the Property free of the Restrictions.

50. Accordingly, Plaintiff has breached or anticipatorily repudiated the PSA.

51. Defendant has fully performed or tendered performance under the PSA.

52. By reason of Plaintiff's breach of the PSA, Defendant has been injured.

WHEREFORE, Defendant requests judgment against Plaintiff (i) awarding to Defendant an amount to be determined at trial, (ii) granting to Defendant attorney's fees and costs, (iii) granting to Defendant all such other and further relief as this Court deems just and proper.

COUNTERCLAIM COUNT FOUR
(Breach of Contract, Failure of a Condition Precedent)

53. Defendant repeats and re-alleges all of the foregoing allegations as if set forth at length herein.

54. The Wawa Lease has not been terminated.

55. According to PSA § 1, "[t]he Wawa Lease…shall be terminated."

56. According to the PSA § 1, Seller must terminate the Wawa Lease and provide Purchaser with "a written acknowledgement" of such termination.

57. According to PSA §§ 1 and 3(a), if "the Wawa Lease is not terminated prior to Closing," then, at Purchaser's option, among other remedies and ramifications, "Purchaser shall…receive a refund of the Deposit."

58. Defendant demanded that Plaintiff terminate the Wawa Lease and proceed to closing under the PSA.

59. Plaintiff refused to terminate the Wawa Lease.

60. Seller is not, and has never been ready, willing, and able to fulfil its obligations under the PSA because, among other things, the Wawa Lease is not terminated.

61. Plaintiff's refusal to terminate the Wawa Lease constitutes a breach or anticipatory repudiation of the PSA.

62. Defendant has fully performed or tendered performance under the PSA.

63. By reason of Plaintiff's breach of the PSA, Defendant has been injured.

WHEREFORE, Defendant requests judgment against Plaintiff (i) awarding to Defendant an amount to be determined at trial, (ii) granting to Defendant attorney's fees and costs, (iii) granting to Defendant all such other and further relief as this Court deems just and proper.

COUNTERCLAIM COUNT FIVE
(Declaration)

64. Defendant repeats and re-alleges all of the foregoing allegations as if set forth at length herein.

65. Defendant is entitled to a return of the Deposit, which is currently being held by Riverside Abstract as escrow agent.

66. In light of the parties' controversy, a justiciable dispute exists necessitating a

declaration that the Deposit be released to Defendant.

WHEREFORE, Defendant requests judgment against Plaintiff (i) issuing a declaration that the Deposit be remitted to Defendant, (iii) granting to Defendant its attorney's fees and costs, and (iv) granting to Defendant all such other and further relief as this Court deems just and proper.

## COUNTERCLAIM COUNT SIX
(Rescission)

67. Defendant repeats and re-alleges all of the foregoing allegations as if set forth at length herein.

68. By reason of the fraud, mutual mistake, unilateral mistake, illegality, and frustration of purpose as plead herein, Defendant, in the alternative, seeks rescission of the PSA.

WHEREFORE, Defendant requests judgment against Plaintiff (i) issuing a decree for rescission of the PSA, (ii) upon rescission, ordering a return of the Deposit to Defendant, (iii) granting to Defendant its attorney's fees and costs, and (iv) granting to Defendant all such other and further relief as this Court deems just and proper.

ABRAMS FENSTERMAN, LLP
*Attorneys for Defendant*
*HH 88 Centennial LLC*

Dated: September 9, 2022

By: _____
Zachary D. Kuperman, Esq.

## VERIFICATION

I, Solomon Reichman, declare under 28 U.S.C.§ 1746 that: I am the principal and managing member of defendant HH 88 Centennial LLC; I am authorized to make this verification for defendant; I have read the foregoing answer with counterclaims and certify that the factual statements made therein are true except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 9, 2022

_____
Solomon Reichman