**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PISCATAWAY CENTENNIAL DEVELOPER LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>HH 88 CENTENNIAL LLC,<br><br>        Defendant. | CASE NO: 2:22-CV-5253<br><br><br>**ANSWER TO**<br>**COUNTERCLAIM COMPLAINT WITH**<br>**<u>AFFIRMATIVE DEFENSES</u>** |

Plaintiff/Counterclaim Defendant Piscataway Centennial Developer LLC, ("Counterclaim Defendant"), by way of Answer to Defendant/Counterclaim Plaintiff HH 88 Centennial LLC's ("Counterclaim Plaintiff") Counterclaim Complaint, says:[1]

1.        Counterclaim Defendant admits the allegations in paragraphs 1, 4 and 8.

2.        Counterclaim Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2, 16-19 and 28-29, and those allegations are therefore denied.

3.        The allegations in paragraphs 3, 5, 31, 35, 43-47, 54-57, 66 and 68 purport to state a conclusion of law to which no response is required.  To the extent a response is required, Counterclaim Defendant denies the allegations.

4.        Counterclaim Defendant denies the allegations contained in paragraphs 9-14, 20-27, 30, 32, 36-39, 48-52, 58-63 and 65.

---

[1]        Counterclaim Defendant respectfully notes that by filing this Answer to Counterclaim Complaint with Affirmative Defenses, it does not alter its assertion that this court lacks subject matter jurisdiction, and states that it will renew its Motion to Remand to the Superior Court of New Jersey following the limited jurisdictional discovery ordered by the court.

5.      The allegations in paragraphs 6-7, 15, 34 and 41-42 reference certain documents, which speak for themselves.  To the extent a response is required, Counterclaim Defendant denies the allegations.

6.      Counterclaim Defendant restates and repeats each and every response as set forth above in response to paragraphs 15, 33, 40, 53, 64 and 67 as though fully set forth herein.

<u>**DEFENSES**</u>

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Counterclaim Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Third Affirmative Defense

Counterclaim Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Fourth Affirmative Defense

Counterclaim Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Fifth Affirmative Defense

Counterclaim Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Sixth Affirmative Defense

Counterclaim Plaintiff's claims are barred, in whole or in part, by Counterclaim Plaintiffs' lack of standing.

### Seventh Affirmative Defense

Counterclaim Plaintiff's claims barred, in whole or in part, by accord and satisfaction.

## Eighth Affirmative Defense

Counterclaim Plaintiff's claims are barred, in whole or in part, by the contributory and comparative negligence of others.

## Ninth Affirmative Defense

Counterclaim Plaintiff's claims are barred for failure to join necessary and indispensable parties pursuant to Fed. R. Civ. P. 19.

## Tenth Affirmative Defense

Counterclaim Plaintiff's claims are barred, in whole or in part, by its failure to mitigate injury and its failure to mitigate damages.

## Eleventh Affirmative Defense

Counterclaim Plaintiff's claimed damages are too remote and speculative to form the basis for relief.

## Twelfth Affirmative Defense

Counterclaim Plaintiff's claims are barred, in whole or in part, by the doctrine of contribution or indemnity.

## Thirteenth Affirmative Defense

Counterclaim Plaintiff's claims are barred, in whole or in part, as Counterclaim Plaintiff is not the real party in interest.

## Fourteenth Affirmative Defense

Counterclaim Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifteenth Affirmative Defense

This Court lacks subject matter jurisdiction over this matter, as previously briefed before the Court and will be subject to a renewed Motion to Remand following limited jurisdictional discovery as ordered by the Court.

### Reservation Of Additional Defenses

Counterclaim Defendant reserves the right to amend these affirmative defenses and to allege further affirmative defenses as appropriate.

**WHEREFORE**, Counterclaim Defendant demands (i) that the Counterclaim Complaint, and each and every claim for relief therein be dismissed in its entirety and with prejudice, (ii) that Counterclaim Defendant be awarded its reasonable costs and disbursements to the extent available by law, and (iii) such other and further relief as this Court deems fair and equitable.

### <u>CERTIFICATION</u>

Pursuant to Local Federal Rule of Civil Procedure 11.2, I hereby certify that the matter in controversy is not subject to any other action pending in any court, arbitration, or administrative proceeding.

Dated: Woodland Park, New Jersey
      October 14, 2022

ANSELL GRIMM & AARON, P.C.

By:    *s/ Seth M. Rosenstein, Esq.*
      Joshua S. Bauchner, Esq.
      Seth M. Rosenstein, Esq.
      365 Rifle Camp Road
      Woodland Park, New Jersey 07424
      (973) 247-9000
      (973) 247-9199 facsimile
      jb@ansellgrimm.com
      smr@ansellgrimm.com

      *Attorneys for Plaintiff*