UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **PICATWAY CENTENNIAL DEVELOPER LLC,** | : : : : | Civil Action No. 22-5253 (MCA) (MAH) |
| Plaintiff, | : : : |  |
| v. | : : | **REPORT AND RECOMMENDATION** |
| **HH 88 CENTENNIAL LLC,** | : : : : |  |
| Defendant. | : : |  |

I.     **INTRODUCTION**

This matter is presently before the Court on Plaintiff's, Piscataway Centennial Developer LLC ("Plaintiff"), motion to remand the action to the Superior Court of New Jersey, Law Division, Middlesex County. *See* Pl.'s Second Mot. to Remand, D.E. 18. The District Court referred this matter to the Undersigned to issue a Report and Recommendation.[1] This Court has considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, the Court respectfully recommends that the District Court grant Plaintiff's motion and remand this matter to the Superior Court of New Jersey, Law Division, Middlesex County.

---

[1] A decision to remand is dispositive. *In re U.S. Healthcare,* 159 F. 3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Magistrate judges may address dispositive motions by submitting a Report and Recommendation to the District Court. *Tucker v. Allied Pros. Ins. Co.*, Civ. No. 14-5977, 2015 WL 733665, at *2 (D.N.J. Feb. 20, 2015) (citing 28 U.S.C. § 535(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(c)(2)). As such, the Undersigned addresses Defendants' Plaintiff's motion to remand via Report and Recommendation.

## II. BACKGROUND

On August 16, 2022, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, against Defendant HH 88 Centennial LLC ("Defendant"). *See* Notice of Removal, D.E. 1, at 1 (attaching Compl.). Plaintiff brings this breach of contract action against Defendant related to a May 2022 Purchase and Sale Agreement for the purchase of real property located at 88 Centennial Avenue, Piscataway, New Jersey. *See generally*, Compl., D.E. 1.

On August 26, 2022, Defendant removed this case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity of citizenship under 28 U.S.C. § 1332(a).[2] *See* Notice of Removal, D.E. 1. In the Petition for Removal, Defendant contends that the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties. *Id.* at 2. Defendant asserts that it is a limited liability company and its sole member, Shloimy Reichman, is a resident and domiciliary of New York. *Id.* at 3. Defendant avers that Plaintiff, also a limited liability corporation, is domiciled in New Jersey, either because it is: (1) comprised by a single sole member, Maurice Zekaria, who is a resident of New Jersey; or (2) comprised of two limited liability companies, specifically Piscataway Centennial Investors LLC ("PCI") and Piscataway Centennial Manager LLC ("PCM"), all of whose members are residents of New Jersey. *Id.*

On September 12, 2022, Plaintiff moved to remand this matter to state court, asserting a lack of diversity of citizenship. Pl.'s Mot. to Remand, D.E. 4. Specifically, Plaintiff argues that Allen Saka, one of PCI's members, is domiciled in New York. *Id.* at 1. On September 30, 2022, Defendant cross-moved for jurisdictional discovery, asserting that Saka is domiciled in New

---

[2] The Removal Petition predicates federal jurisdiction solely on § 1332. *See*, *generally*, Notice of Removal, D.E. 1.

Jersey. Def. Cross Mot., D.E. 7. Defendant sought an Order from the Court granting expedited jurisdictional discovery as to Saka's domicile and requested that the motion to remand be held in abeyance while that discovery was ongoing. *Id.* The Undersigned held a conference with the parties on October 3, 2022 to discuss the parties' pending motions and the request for expedited jurisdictional discovery. Order, D.E. 8. During that conference, which was held on the record, the Court terminated the motion to remand without prejudice and granted the request for jurisdictional discovery. *Id.* With input from the parties, the Court ordered that Defendant serve on Plaintiff five (5) single-question interrogatories and five (5) requests for production not later than October 17, 2022. *Id.* Plaintiff was to respond to such written discovery by October 31, 2022. *Id.* That Order also directed that any renewed motion to remand be filed not later than November 23, 2022. *Id.* Defendant sought neither reconsideration nor appeal of the October 3, 2022 Order.

On November 4, 2022, Plaintiff renewed its motion to remand. Plaintiff argues that diversity of jurisdiction is absent. Pl.'s Second Mot. to Remand, D.E. 18. In lieu of opposing the motion, Defendant, on November 23, 2022, filed a letter seeking leave to file a motion to compel, asserting that Plaintiff failed to respond satisfactorily to the five interrogatories and requests for production of documents that it served on Plaintiff on October 14, 2022. Letter, D.E. 20. Specifically, Defendant maintained that

> Plaintiff has failed to comply with these discovery demands in that it has not produced certain responsive documents, has refused to furnish a privilege log as to withheld documents, and has provided incomplete responses to certain interrogatory questions. Instead, Plaintiff has provided perfunctory, self-serving, and selective responses to these demands.

*Id.* Plaintiff filed a response to Defendant's letter that same day, stating that it had fully complied with this Court's October 3, 2022 Order and responded fulsomely to Defendant's discovery requests. Letter, D.E. 21.

The Court held a telephone conference on the record on November 28, 2022 to address the parties' letters. At the conclusion of that conference, the Court ordered that

> On or before December 9, 2022, Plaintiff shall: (a) supplement its answer to Jurisdictional Interrogatory No. 3 by listing each state in which Allen Saka owns real property through entities associated with Paramount Realty Services, Inc., and the amount of properties owned for each such state; and (b) produce additional documentation sufficient to establish the state in which Allen Saka has tax obligation as a resident of that state.

Order, D.E. 24. The Court otherwise denied Defendant's request to compel all other additional discovery. *Id.* Defendant did not move for reconsideration or appeal of the November 28, 2022 Order.

Defendant filed its opposition to Plaintiff's motion to remand on January 9, 2023, asserting that "the Court still does not have enough information to determine many of [the factors relevant to a determination of domicile for diversity jurisdiction purposes] because Plaintiff has refused to provide relevant information and Defendant has been unduly constrained in its ability to obtain jurisdictional discovery." Def. Opp. Br., D.E. 28, at 2. Defendant further argues that the discovery he has received suggests that "Saka is not a New York Domiciliary." *Id.* at 2-3. Plaintiff filed a Reply in further support of its motion to remand in which it argues that discovery issues have already been addressed by this Court, it has provided responses to all discovery requests, and discovery reveals that Saka is indeed domiciled in New York. Reply Br., D.E. 29, at 1.

The Court held yet another conference with the parties, on the record, on January 30, 2023, to fully address Defendant's contention that discovery was insufficient and ensure that the

4

Court had afforded Defendant every opportunity to obtain the discovery necessary to oppose the instant motion.  During that call, Defendant was unable to articulate any outstanding discovery that Defendant still required to respond to the motion.  The Court therefore did not compel any further discovery.

### III.    DISCUSSION

#### A.  LEGAL STANDARD

A party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  If a complaint does not raise a question of federal law, as is the case here, a district court can exercise subject matter jurisdiction over the action only if all adverse parties are diverse and the amount in controversy exceeds $75,000.   *In re Benicar (Olmesartan) Prods. Liab. Litig.*, 198 F. Supp. 3d 385, 386 (D.N.J. 2016) (citing 28 U.S.C. § 1332(a)).  For adverse parties to be diverse, no plaintiff and defendant can be a citizen of the same state, judged at the time the complaint was filed and at the time removal was sought.  *Id.* (citing *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

The citizenship of limited liability companies is determined by the citizenship of each of the LLC's individual members.  *See Zambelli Fireworks Mfg. Corp. v. Wood*, 592 F.3d 412, 419, 421 (3d Cir. 2010).  "Citizenship is synonymous with domicile, and the domicile of an individual is [their] true, fixed and permanent home and place of habitation. It is the place to which, whenever [they] are absent, [they] have the intention of returning." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).  A court considers several factors in determining a party's domicile, including:

> declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business. Other factors to be

5

> considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration.

*Schwartz v. Kuo*, Civ. No. 13-5227, 2014 WL 12613410, at *1 (D.N.J. Jan. 23, 2014) (citing *id*. at 286). Additional factors courts consider are the location of assets and location of professionals retained and/or frequented by that party, such as doctors and lawyers. *Edelman v. Croonquist*, Civ. No. 09-1938, 2009 WL 3424174, at *3 (D.N.J. Oct. 20, 2009).

The removing party must demonstrate diversity of citizenship by a preponderance of the evidence. *See McCann*, 458 F.3d at 286. A federal court lacking subject matter jurisdiction over a case must remand the matter back to state court. 28 U.S.C. § 1447(c); *see Farina v. Nokia, Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) (noting that federal courts can neither proceed without subject matter jurisdiction, nor can a party waive subject matter jurisdiction). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). The Court analyzes below whether Defendant has satisfied its burden of proving that diversity of citizenship exists based on the domicile factors.

B. **ANALYSIS**

Here, Plaintiff contends that Defendant's removal is jurisdictionally improper due to a lack of diversity jurisdiction. *See* Br. in Supp., D.E. 18-1, at 1-4. Specifically, Plaintiff maintains Allen Saka, a member of one of the LLCs of which Plaintiff is comprised, is a citizen of New York. As set forth above, Defendant also is a citizen of New York because its sole member, Shloimy Reichman, is a New York resident. Therefore, there can be no diversity of citizenship. On the other hand, Defendant argues that Saka is a citizen of New Jersey, not New York, and thus there is diversity of citizenship. Def. Opp. Br., D.E. 28, at 2.

### 1. Jurisdictional Discovery

At the outset, the Court addresses the opportunity it afforded Defendant to seek jurisdictional discovery. Defendant has had ample opportunity to obtain discovery. *See* Background, *infra*, at 2-5. First, via the October 3, 2022 Order, this Court allowed Defendant to propound five interrogatories and five requests for production on Saka. D.E. 8. Then, via the November 28, 2022 Order, the Court expanded the scope of discovery in response to Defendant's complaints. Specifically, the Court ordered Saka to supplement its answer to Jurisdictional Interrogatory No. 3 by listing each state in which Saka owns real property through entities associated with Paramount Realty Services, Inc., and the amount of properties owned for each such state. D.E. 24. This Court also required Plaintiff to produce additional documentation sufficient to establish the state in which Saka has tax obligations as a resident of that state. *Id.* The Court also convened conferences with the parties on both October 3, 2022 and November 28, 2022 in advance of issuing its Orders so that Defendant would have every opportunity to be heard. Defendant neither sought reconsideration of, nor appealed, either Order.

On January 9, 2023, Defendant filed its opposition to Plaintiff's motion to remand, arguing once again that Plaintiff had refused to provide relevant information, thereby constraining Defendant's ability to obtain jurisdictional discovery. Def. Opp. Br., D.E. 28, at 2. Thus, on January 30, 2023, the Court convened a conference to address Defendant's discovery deficiency contention. During that call, Defendant represented several times that Plaintiff had fully responded to all of its discovery requests. However, Defendant argued—for the first time—that the discovery the Court ordered was insufficient for Defendant to establish where Saka is domiciled. In addition, when the Court pressed Defense counsel as to what additional discovery Defendant would seek to satisfy its burden, it became readily apparent that Defendant

could not articulate any specific discovery it thought necessary to help it carry its burden on this motion. The Court therefore did not compel any further discovery. Despite Defendant's most recent objection on the record before the Court, the Court finds that it has adequately developed a record from which it can determine where Saka is domiciled and whether diversity jurisdiction exists.

### 2. Domicile Factors

Considering the factors courts evaluate to determine domicile,[3] the Court finds that the overwhelming evidence before it establishes that Saka is domiciled in New York. Defendant puts forth limited information to support its contention that Saka is a resident of New Jersey. However, Defendant does not support any of its arguments with evidence in the record. By contrast, Plaintiff supports its argument that Saka is domiciled in New York with a declaration from Allen Saka, and a series of exhibits attached to the Declaration of Defense counsel Seth Rosenstein. *See* Declaration of Allen Saka ("Saka Decl."), Nov. 4, 2022, D.E. 18-21; *see also* Declaration of Seth M. Rosenstein ("Rosenstein Decl."), Nov. 4, 2022, D.E. 18-3. The Court addresses the parties' contentions as necessary below.

#### a. Driver's License

In his declaration, Saka declares that he has a New York State driver's license. Saka Decl., Nov. 4, 2022, D.E. 18-21, ¶ 5. Saka also produces a copy of his New York State driver's license. Saka's Driver's License, Exh. K, D.E. 8-14. Defendant fails to point to any

---

[3] Again, those factors are: driver's license, exercise of political rights, place of employment, house of residence, location of spouse and family, payment of personal taxes, location of brokerage and bank accounts, membership in organizations, declarations, location of assets, and location of professionals. *See Schwartz*, 2014 WL 12613410, at *1; *see also Edelman*, 2009 WL 3424174, at *3.

contradictory evidence, nor does there appear to be any in the record. This factor weighs in favor of finding that Saka is domiciled in New York.

### b. Voting

In response to Interrogatory # 2, which required Saka to indicate where he was registered to vote during the relevant Time Period,[4] Plaintiff stated that Saka has been registered to vote in Kings County, New York. Plaintiff's Answers to Defendant's Limited Interrogatories ("Rog Answers"), Exh. F, D.E. 8-9, at 5, # 2. Again, Defendant fails to come forward with any evidence to the contrary. Thus, this factor weighs in favor of Saka's domicile being New York.

### c. Employment

Defendant contends that this factor weighs heavily in favor of finding that Saka is a resident of New Jersey because he is employed by Sakar International ("Sakar") in Edison, New Jersey. Def. Opp. Br., D.E. 28, at 3, ¶ 2. Despite that assertion, however, Sakar's payroll records indicate that Saka's address is in Brooklyn, New York. Sakar's Payroll Records, Exh. L, D.E. 8-15. Additionally, Sakar furnished Saka with W-2 Statements for 2019-2022, all of which reflect that Saka's address is in Brooklyn, New York. Form W-2, Exh. H, D.E. 8-11. Moreover, it is hardly uncommon for people living in the tri-state area to cross state lines for work. Accordingly, this factor also weighs in favor of a finding that Saka is domiciled in New York.

### d. House of Residence

Saka declares that he resides in Brooklyn, New York and that his home in Brooklyn has been his residence during all times relevant to the instant action. Saka Decl., D.E. 18-21, ¶ 3. Similarly, during jurisdictional discovery, Saka was asked to identify each address he has

---

[4] The Time Period is defined as August 1, 2019 to the present. Jurisdictional Discovery Interrogatories ("Rogs"), Exh. E, D.E. 18-8.

inhabited during the relevant time period, and the dates of residence. Saka responded that each year, he lived at his Brooklyn, New York residence from January 1 to June 21 and from September 1 to December 31, and at his house in Elberon, New Jersey from June 22 to August 31. Rog Answers, Exh. F, D.E. 8-9, at 4, Rog # 1.

Saka also produced a New York City water and wastewater bill with a due date of November 4, 2022. New York City Department of Environmental Protection Water and Wastewater Bill, Exh. P, D.E. 18-19. This bill corroborates Saka's declaration that he spends only the summer months in New Jersey. *Id.* The bill, which contains historical usage data for the period of September 2021 to September 2022, reflects higher water usage at Saka's New York residence after September and through the fall, winter, and spring. It also reflects comparatively less water use during the summer months. *Id.* The record therefore strongly supports the conclusion that Saka spends the majority of the year in his New York residence, and weighs in favor of a New York domicile.

### e. *Location of Spouse and Family*

Defendant maintains that Saka has not disclosed the location of his family. Def. Opp. Br., D.E. 28, at 3, ¶ 5. Defendant maintains that is because the Saka family is well known in the Lakewood, New Jersey area, and disclosure of family location would undermine Plaintiff's motion. *Id.* Defendant further that Saka has indicated that certain of his properties located in New Jersey have been provided to family members, and so the Court should find he is domiciled in New Jersey. Defendant provides no caselaw to support his assertion.

In any event, Defendant's argument is unpersuasive. Although the location of family members might be probative of domicile, it remains that "the location of a person's true fixed home . . . to which, whenever he is absent, he has the intention of returning." *Aguirre-Alvarez v.*

*Walmart Inc.*, Civ. No. 20-77, 2020 WL 10140949, at *1 (D.N.J. Jan. 10, 2020). And although the location of family members might be probative of domicile, Saka's children appear to be adults, and so their location outside of New Jersey has little probative value of Saka's domicile. *See* Reply Br., D.E. 29, at 5. Moreover, it is quite clear that Saka's wife, Esther, also resides in New York. *See* Form 1040 U.S. Individual Tax Returns, Exh. M, D.E. 18-16 (reflecting that Allen and Esther Saka reside in New York); *see also* Saka Decl., D.E. 18-21, ¶ 4. Thus, this factor also weighs in favor of finding New York as Saka's domicile.

### f. *Payment of Personal Taxes*

Saka declares that he and his wife jointly filed New York State tax returns in 2020, and applied for an automatic extension of time to file New York State tax returns for 2021. Saka Decl., D.E. 18-21, ¶ 4. He also submits redacted copies of the first page of his Form 1040 U.S. Individual Tax Returns for 2019-2021, which reflect that Saka resides in New York. Form 1040 U.S. Individual Tax Returns, Exh. M, D.E. 18-16.

Additionally, Saka produced a notice of adjusted assessment from the New York State Department of Taxation and Finance issued by "OPTS-Individual Tax Returns Processing" for the filing period ending December 31, 2017. Correspondence from the New York State Department of Taxation and Finance, Exh. O, D.E. 18-18. Further, Defendant's Interrogatory No. 4 required Saka to identify the jurisdictions or authorities to which he "has paid, deferred payment of, was requested to pay, or owed any income tax, property tax, school tax, or assessment." Saka responded that during the relevant time period, the states to which he has tax obligations, either personally or through entities, are New York, New Jersey, California, Pennsylvania, Florida, Maryland and Arkansas. Interrogatory Answers, Exh. F, D.E. 8-9, at 7,

Interrogatory # 4.  Thus, the overwhelming majority of evidence produced on this point weighs in favor of finding Saka's domicile as New York.

### g. Location of Brokerage and Bank Accounts

Neither party has produced any evidence relevant to the location of brokerage and bank accounts.  Therefore, the Court finds that this factor is neutral.

### h. Membership in Organizations

The record concerning this factor is consistent with that concerning the house-of-residence factor, and therefore similarly weighs in favor of finding that Saka is domiciled in New York.  Defendant's Interrogatory No. 5 asked Saka to identify "each organization with respect to which, during the Time Period, Mr. Saka has been a member, held or sought a position of authority, or attended five or more meetings or activities."  Saka stated that he "has been a member, officer, and attendee of five or more meeting or activities of his synagogue -- Keter Sion Torah Center located at 1914 East 8th Street, Brooklyn, New York."  Saka further represented that "between June 22 and August 30 each year, [he] attends services at a synagogue nearby his Elberon, New Jersey summer residence, but is not a dues-paying member of that synagogue."  Rog Answers, Exh. F, D.E. 8-9, at 8, Rog # 5.

Defendant maintains that this factor is neutral because Saka attends services at both synagogues.  However, it is clear that Saka attends the synagogue in New Jersey only while visiting his summer home in New Jersey.  That is consistent with the Court's findings concerning residence—*i.e.*, Saka frequents New Jersey in the summer.  Therefore, this factor also weighs in favor of New York.

### i. Declarations

Defendant contends that Saka failed to produce declarations, documents, and instruments responsive to his inquires on this issue. Def. Opp. Br., D.E. 28, at 4. As established above, however, Plaintiff discharged its obligations to provide jurisdictional discovery. *See also* Reply Br., D.E. 29, at 6 (arguing that Plaintiff cannot produce that which it does not have). Additionally, Plaintiff has produced the Operating Agreement of PCI, one of the limited liability companies of which Plaintiff is comprised. Operating Agreement of PCI, Exh. D, D.E. 18-7, at 19. Exhibit A to the Operating Agreement reflects that Saka is a member of PCI with a Brooklyn, New York address. *Id.* This factor therefore weighs modestly in favor of finding New York as Saka's domicile.

### j. Location of Assets

During jurisdictional discovery, Saka identified the location of real property in which he holds an interest. Specifically, Saka responded that he holds interests in six properties located in New York, six properties located in New Jersey, two in Pennsylvania, one in Maryland, and ten in Florida. Interrogatory Answers, Exh. F, D.E. 8-9, at 5-6, Interrogatory #3. Defendant maintains that these "significant real property interests" outside of New York weigh in favor of Saka being domiciled somewhere other than New York. However, Defendant carries the burden of demonstrating *where* Saka is domiciled—something Defendant has failed to do. *See McCann*, 458 F.3d at 286. This Court finds this factor is thus neutral because it cannot ascertain through the record before it where Saka is domiciled based on the location of his assets.

### k. Location of Professionals

Defendant argues that he has no discovery on this factor other than an assertion that Plaintiff's attorney is located in New Jersey. Def. Opp. Br., D.E. 28, at 4. Plaintiff contends

13

Defendant never sought discovery on this topic.  Reply Br., D.E. 29, at 6-7.  Nonetheless, Plaintiff avers that his counsel also maintains an office in New York and regularly appears before tribunals in New York.  *Id.*  Moreover, as the Court already noted, it is not uncommon for people residing in the tri-state area to cross state lines for services such as medical treatment and legal counsel.  Therefore, the Court finds that this factor is neutral.

### 3. Conclusion of the Domicile Factors

On balance, consideration of the foregoing factors compels the Court to conclude that Defendant has failed to show by a preponderance of the evidence that Saka is domiciled in New Jersey or any state other than New York.  Indeed, the majority of the eleven factors the Court has considered to determine Saka's place of domicile weigh heavily in favor of finding that Saka is a citizen of New York.  Saka and his wife live in New York year-round other than a few summer months.  Saka belongs to a synagogue there.  He votes there.  He has a New York driver's license.  He pays taxes there.  He declares that New York is his home.  He listed New York as his domicile on his federal tax documents.  The majority of the evidence presented during jurisdictional discovery indicates that Saka is domiciled in New York.  Defendant's only contrary evidence is limited and does not move the needle in favor of the Court finding Saka is domiciled elsewhere.  Therefore, the Undersigned concludes that removal was procedurally and jurisdictionally improper, and that this Court lacks subject-matter jurisdiction over this action.  For those reasons, the Undersigned respectfully recommends that the District Court remand this matter to the Superior Court of New Jersey, Law Division, Middlesex County.

C. CONCLUSION

For the reasons set forth above, this Court respectfully recommends that the District Court grant Plaintiff's motion and remand this matter to the Superior Court of New Jersey, Law Division, Middlesex County.

The parties are reminded that they have fourteen (14) days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Civil Rule 7.1(c)(2).

*s/Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

**Date:   February 6, 2023**